**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARMEN BLAIR, | No.    15-55748 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-07478-CAS-FFM |
| v. | |
| DAVID SHULKIN, Secretary, Department of Veterans Affairs, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted March 6, 2017
Pasadena, California

Before:  REINHARDT and NGUYEN, Circuit Judges, and EZRA,** District Judge.

Carmen Blair appeals the district court's order granting summary judgment

in favor of the Department of Veterans Affairs ("VA"). Blair, a Protestant, filed an

action against the VA alleging that the Department violated Title VII by firing her

from her position as a chaplain on account of her Christian religion.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Under the *McDonnell Douglas* framework, a plaintiff must first establish a prima facie case of discrimination, at which point the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the challenged action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803 (1973) If the employer meets this burden, the plaintiff must then show that the defendant's stated reason is pretext for unlawful discrimination. *Id*. at 804. In cases where the same actor was responsible for both a plaintiff's hiring and the subsequent adverse employment action, we apply the "same-actor inference," and require that the plaintiff make an "extraordinarily strong showing of discrimination." *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1097 (9th Cir. 2005).

Here, Blair introduced evidence that certain of her colleagues made statements alleging that she was unable to minister effectively to patients of other faiths. For the purposes of summary judgment, we follow the district court in assuming that Blair has thus demonstrated a prima facie case of religious discrimination.

The VA has in turn proffered legitimate, nondiscriminatory reasons for dismissing Blair, namely that she failed to integrate with the other members of the hospice unit's interdisciplinary team, and that she did not maintain adequate patient charts. The burden therefore shifts to Blair to show that there are genuine issues of

material fact as to whether the explanations offered by the VA are in fact pretextual. *See, e.g.*, *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010).

A plaintiff may demonstrate that a defendant's nondiscriminatory rationale is pretextual "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). In this case, Blair additionally must overcome the "same-actor inference," as she alleges that Chaplain Vasquez and Dr. Rosenfeld were responsible for both her hiring and her dismissal from the hospice unit within a period of three months. Moreover, Chaplain Vasquez and Dr. Rosenfeld knew that Blair was a Christian when they hired her for the position of a "Protestant chaplain." The very basis upon which Blair claims she was discriminated against—her Christian faith—was a prerequisite for her initial employment.

Here, Blair is unable to offer either direct or circumstantial evidence sufficient to defeat the same-actor inference and to raise a genuine issue of material fact as to whether the VA's proffered nondiscriminatory rationales are pretextual. Although we recognize that Blair has introduced evidence that certain patients

regarded her as a competent chaplain, this showing does not rebut the VA's assertion that it believed that Blair was unable to integrate into the hospice unit team. To the extent that Blair claims that the VA impermissibly created a "secular" work environment, she is unable to show that the Department acted out of animus toward her religion.[1] In light of Blair's failure to present evidence of pretext, we conclude that the district court properly granted summary judgment for the VA on Blair's claim of religious discrimination.

The district court decision is **AFFIRMED.**

---

[1] The Seventh Circuit has held that the VA must "walk a fine constitutional line" in providing spiritual care for its patients, and thus may institute an "ecumenical approach to its chaplaincy." *Baz v. Walters*, 782 F.2d 701, 709 (7th Cir. 1986). As we do here, the court in *Baz* rejected the plaintiff's Title VII claim alleging religious discrimination, concluding that he was fired not due to his religious beliefs, but because his "view of his function as a Veteran's Administration chaplain . . . was decidedly different from the demands of his superiors." *Id*. at 705.